## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| RAYNELL WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )       Civil No. 13-2372-JDT/tmp |
| | ) |
| CITY OF MEMPHIS, TENNESSEE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## REPORT AND RECOMMENDATION

On May 31, 2013, the plaintiff, Raynell Williams ("Williams"), filed a *pro se* Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983, (ECF No. 1), accompanied by a motion seeking leave to proceed *in forma pauperis* and appointment of counsel. (ECF No. 2 & 3.) On June 3, 2013, the court issued an order granting Williams leave to proceed *in forma pauperis*. (ECF No. 4.) On June 6, 2013, the court denied plaintiff's motion for appointment of counsel. (ECF No. 5.) The case is now referred to the undersigned magistrate judge for the management of this case pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639 (2006). For the reasons that follow, it is recommended that Williams's complaint be dismissed in full for failure to state a claim upon which relief can be granted.

## I. PROCEDURAL AND FACTUAL BACKGROUND

In the complaint, Williams states:

The exact unusual claim against me as docket No 3:13CV00400/13-5673 of unwarranted 24 hr surveillance and unwarranted invasion of privacy. The general public of Memphis, TN on counseling by law enforcement agencies and corrections ofc has conducted a martial operation against me, Raynell Williams, of stalking me in provoking me to anger repeatedly as I'm walking in all my comings and goings in society on roads, in bldgs, rooms, etc accompanied w/defamation of character where personnel and private information of me was ill gained and disclosed to the public and is constantly circulating. Propaganda is this activity. I'm threatened, intimidated by persons unknown to in society either if they're walking, or in their vehicles running into me, up behind me, timing me. My complaint confirmation number 1458842I filed at Memphis, TN, City Hall, on Feb. 28, 2013.

(ECF No. 1). The prayer for relief asks,

Grant Plaintiff, Raynell Williams, costs in this suit. Grant Plaintiff, Raynell Williams, a declaration that the acts and omissions described herein violated plaintiffs rights under the U.S. Constitution and laws of the United States. Grant Plaintiff, Raynell Williams, a permanent injunction ordering defendants, the City of Memphis, TN, to stop unwarranted 24 hr surveillance and unwarranted invasion of privacy propaganda. Grant Plaintiff, Raynell Williams, compensatory and punitive damages in the amount of $100 million. Grant Plaintiff, Raynell Williams, any additional relief this court deems just, proper, and equitable.

The court is required to screen *in forma pauperis* complaints

and to dismiss any complaint, or any portion thereof, if the action

—

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be

liberally construed." <u>Williams</u>, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989); <u>see also</u> <u>Brown v. Matauszak</u>, 415 F. App'x 608, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting <u>Clark v. Nat'l Travelers Life Ins. Co.</u>, 518 F.2d 1167, 1169 (6th Cir. 1975)); <u>Payne v. Sec'y of Treas.</u>, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating "[n]either this court nor the district court is required to create Payne's claim for her."); <u>cf.</u> <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); <u>Young Bok Song v. Gipson</u>, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

As best as the court can tell, Williams is claiming an invasion of privacy because he is being followed and harassed by unknown individuals working for unknown law enforcement departments the City. When suing a municipality, such as the City of Memphis, for constitutional violations under § 1983, a plaintiff must prove that the deprivation occurred pursuant to a municipal "policy or custom." See Meyers v. City of Cincinnati, 14 F.3d 1115, 1117 (6th Cir. 1994). The plaintiff must also prove that the policy or custom of the City "was the moving force behind the deprivation of the plaintiff's rights." Miller v. Sanilac Cnty., 606 F.3d 240, 254–55 (6th Cir. 2010). The complaint fails to allege the constitutional rights that the City has violated, the existence of a municipal custom or policy, or that the custom or policy was the moving force behind the deprivation of Williams's constitutional rights. It is recommended that Williams's complaint be dismissed for failure to state a claim.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 22, 2013
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN**

(14) DAYS AFTER BEING SERVED WITH A COPY.  FED. R. CIV. P.
72(b)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY
CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.