IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RAYNELL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-2372-JDT-tmp |
| | ) | |
| CITY OF MEMPHIS, TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING PLAINTIFF'S OBJECTION
ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER OF DISMISSAL
ORDER CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Raynell Williams, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on May 31, 2013, a motion for leave to proceed *in forma pauperis*, and a motion for appointment of counsel. (Docket Entries 1, 2, & 3.)[1] Magistrate Judge Tu M. Pham subsequently granted leave to proceed *in forma pauperis* and denied appointment of counsel. (D.E. 4 & 5.) On August 22, 2013, the Magistrate Judge issued a Report and Recommendation in which he recommended that the case be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B). (D.E. 6.) Objections to that Report and Recommendation

---

[1] In accordance with Administrative Order 2013-05, the assigned U.S. Magistrate Judge is responsible for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate.

were due within 14 days.  See Fed. R. Civ. P. 72(b)(2).  On September 4, 2013, Plaintiff filed both a second motion for appointment of counsel (D.E. 8) and a document titled "Motion in Limine" which is actually his objection to the Magistrate Judge's recommendation (D.E. 7).

Plaintiff's complaint alleges:

> The exact unusual claim against me as docket No. 3:13CV00400/13-5673 of unwarranted 24 hr surveillance and unwarranted invasion of privacy.  The general public of Memphis, TN on counseling by law enforcement agencies and corrections ofc has conducted a martial operation against me, Raynell Williams, of stalking me in provoking me to anger repeatedly as I'm walking in all my comings and goings in society on roads in bldgs rooms etc accompanied w/defamation of character  where personnal [sic] and private information of me was ill gained and disclosed to the public and is constantly circulating.  Propaganda is this activity.  I'm threated [sic], intimidated by persons unknown to in society either if they're walking, or in their vehicles running into me, up behind me, timing me.  My complaint confirmation number 1458842I filed at Memphis, TN City Hall on Feb. 28 2013.

(D.E. 1 at 2).[2]  He seeks declaratory and injunctive relief plus compensatory and punitive damages.  (Id. at 3.)  Magistrate Judge Pham has recommended that the complaint be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).

Having reviewed the complaint and the law and having considered Plaintiff's objections, the Court agrees with the Magistrate Judge's conclusion that this case should be dismissed.  Plaintiff's allegations that he is under 24-hour surveillance by the general public in Memphis at the direction of unspecified law enforcement and corrections agencies fail to state a claim and are "clearly baseless," "fanciful," "fantastic," or "delusional."  Denton v.

---

[2]  The docket numbers to which Plaintiff refers are for a similar complaint that he filed in the Middle District of Tennessee, Williams v. City of Nashville, No. 3:13-cv-00400 (M.D. Tenn. May 9, 2013) (dismissed as frivolous and for failure to state a claim), appeal docketed, No. 13-5673 (6th Cir. May 16, 2013).

Hernandez, 504 U.S. 25, 32-33 (1992). Therefore, Plaintiff's objections are DENIED and the Court ADOPTS the Magistrate Judge's Report and Recommendation. This case is hereby DISMISSED as frivolous and for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The pending motion for appointment of counsel is DENIED as moot.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this

3

case as frivolous and for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[3]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                 s/ **James D. Todd**
                                                 JAMES D. TODD
                                                 UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.